

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY D. EYTON, | ) | Civ. No. 11-5080 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | |
| | ) | |
| STEELE COLLISION, INC. and JAY A. STEELE, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Timothy D. Eyton ("Eyton"), for his cause of action against Defendants, alleges as follows:

1. Plaintiff, an employee of Defendants from 2009 to 2011, brings this action to recover unpaid overtime compensation, liquidated damages, attorney fees and costs under the provisions of Section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 216(b)), hereinafter referred to as the Act.

2. Jurisdiction of the action is conferred on this court by Section 16(b) of the Act (29 U.S.C. § 216(b)), 28 U.S.C. § 1331 (which gives the court original jurisdiction over civil actions arising under federal law), and 28 U.S.C. § 1337 (relating to any civil action or proceeding arising under any Act of Congress regulating commerce.)

3. At all times relevant to this complaint, Eyton was either a resident of Keystone, Pennington County, South Dakota or Custer, Custer County, South Dakota as he had residences at and lived in both Keystone and Custer.

4. Defendant Steele Collision, Inc. ("Steele Collision") is a corporation organized and existing under the laws of the state of South Dakota, with its principal office and places of business located in Custer, South Dakota and, at the times mentioned, employed Eyton.

5. At the times mentioned, Steele Collision was the employer of Eyton within the meaning of Section 3(d) of the Act (29 U.S.C. § 203(d)).

6. Defendant Jay A. Steele ("Steele") is a resident of Custer, Custer County, South Dakota.

7. Steele is the president of Steele Collision.

8. Steele had operational control of Steele Collision during the times mentioned in this Complaint and was, therefore, the employer of Eyton within the meaning of Section 3(d) of the Act (29 U.S.C. § 203(d)).

9. At all times mentioned in this Complaint, Defendants were primarily engaged in the business of auto body repair.

10. During the period from October 2009 to September 2011, Defendants employed Eyton as a front office manager, estimator and U-Haul representative.

11. During this period of employment by Defendants, Eyton was engaged in performing auto body estimating work, office work, parts ordering and U-Haul reservations and was paid an hourly rate for each hour worked.

12. Eyton was engaged in interstate commerce in that he performed estimates on vehicles owned and operated by customers from other states. In addition, the parts that the parties used in the course of their work frequently came from suppliers in other states and Eyton personally ordered these parts from other states. In performing the operations described, Eyton was engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), 3(i), 3(j), and 7(a) of the Act (29 U.S.C. §§ 203 (b),(i),(j), 207(a)).

13. During the period of his employment, Defendants employed Eyton in commerce or in the production of goods for commerce for many workweeks longer than 40 hours. Defendants failed and refused to compensate Eyton for such work in excess of 40 hours at rates not less than one and one-half times the regular rates at which he was employed, contrary to the provisions of Section 7(a) of the Act (29 U.S.C. § 207(a)).

14. By reason of Defendant's refusal to pay the overtime and wages due Eyton, Eyton was required to employ attorneys to prosecute this cause for him, and he therefore seeks a reasonable charge for attorney's fees.

15. When Eyton confronted Steele about overtime pay, Steele replied that he was not going to pay Eyton a time and half rate, making Defendants' conduct willful.

WHEREFORE, Eyton requests judgment against Defendants as follows:

A. For overtime compensation;

B. For liquidated damages;

C. For costs and disbursements in this action;

D.  For punitive damages;

E.  For attorney's fees for prosecution of this action; and

F.  For such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL UPON ALL ISSUES.**

Dated:  October 12, 2011.

>GUNDERSON, PALMER, NELSON & ASHMORE, LLP
>
>By *[signature]*
>Rebecca L. Mann
>Attorneys for Plaintiff
>P.O. Box 8045
>Rapid City, SD  57709
>Telephone: (605) 342-1078
>Fax:  (605) 342-9503
>E-mail: rmann@gpnalaw.com